J-S06027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY LEE PROKOP | : | |
| | : | |
| Appellant | : | No. 1129 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 23, 2022
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000486-2022

BEFORE:    STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                          **FILED: MAY 22, 2023**

Appellant Jeffrey Lee Prokop appeals from the judgment of sentence imposed after he pled guilty to one count of criminal trespass. Appellant's counsel (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago*** brief.[1] After review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

The underlying facts and procedural history of this case are well known to the parties. ***See*** Trial Ct. Op., 10/3/22, at 1-2 (unnumbered). Briefly, on March 15, 2022, Appellant was arrested for breaking into a locked garage that was attached to a residence, and the Commonwealth charged Appellant with

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

one count each of burglary, criminal trespass, and possessing instruments of crime (PIC).[2] On April 11, 2022, the trial court granted the Commonwealth's motion to amend the grading of criminal trespass from a second-degree to a third-degree felony. That same day, Appellant entered a negotiated guilty plea to criminal trespass. Appellant and the Commonwealth agreed to a recommended sentence with a minimum term of twelve months of incarceration, which was at the bottom end of the standard range of the Sentencing Guidelines. However, there was no agreement concerning whether Appellant would serve his sentence in a state correctional institution or county prison. On June 23, 2022, the trial court sentenced Appellant to a period of twelve to thirty-six months' incarceration in a state correctional institution. Appellant filed a timely post-sentence motion for reconsideration of sentence, arguing that his sentence was overly harsh. Post-Sentence Mot., 7/5/22, at 1-3. The trial court denied the motion on July 20, 2022, and Appellant filed a timely notice of appeal. Counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file a petition to withdraw. The trial court issued a Rule 1925(a) opinion addressing Appellant's challenge to the discretionary aspects of his sentence and concluding that it was meritless. Trial Ct. Op. at 3-4 (unnumbered).

Initially, Counsel filed an ***Anders*/*Santiago*** brief on November 30, 2022, but Counsel did not state his reasons for concluding that the appeal was

---

[2] 18 Pa.C.S. §§ 3502(a)(2), 3503(a)(1)(ii), and 907(a), respectively.

frivolous and include specific citations to the record. Further, Counsel did not file a petition to withdraw. Additionally, Counsel did not attach a copy of the letter advising Appellant of his rights pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), and notifying Appellant of his right to proceed *pro se* or proceed with a private attorney. Accordingly, this Court entered an order on December 15, 2022, striking the November 30, 2022 brief, and directing Counsel to file a new brief that is compliant with ***Anders***/***Santiago*** or an advocate's brief. Order, 12/15/22.

On December 15, 2022, Counsel filed an amended petition to withdraw and an amended ***Anders***/***Santiago*** brief, but again Counsel failed to meet the technical requirements of ***Anders*** and ***Santiago***. On December 20, 2022, this Court entered an order denying Counsel's petition to withdraw without prejudice to refile with this Court a petition to withdraw and a new brief that is compliant with ***Anders***/***Santiago*** or an advocate's brief on or before January 6, 2023. Order, 12/20/22. On January 7, 2023, one day after the January 6, 2023 deadline, Counsel filed an amended ***Anders***/***Santiago*** brief and an amended petition to withdraw. Resp. to Order, 1/7/23. Further, the record reflects that Appellant did not file a response either *pro se* or through private counsel. Although we disapprove of Counsel's late filing, we will nevertheless proceed to review the ***Anders***/***Santiago*** brief and petition to withdraw. ***See, e.g., Commonwealth v. Williams***, 929 MDA 2020, 2021

WL 3163060, at *3 (Pa. Super. filed July 27, 2021) (unpublished mem.) (addressing the merits of a late-filed **Anders** brief and petition to withdraw).[3]

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

---

[3] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter notifying Appellant of his intent to withdraw, explaining his appellate rights, and informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. *See*

***Santiago***, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issue presented in Counsel's ***Anders***/***Santiago*** brief.

In the ***Anders***/***Santiago*** brief, Counsel identifies one issue and asserts that the trial court abused its discretion in sentencing Appellant. ***Anders***/***Santiago*** Brief at 7. Appellant contends that the trial court's sentence was unduly harsh and unreasonable considering Appellant's rehabilitative needs and the nature of his offense. ***Id.*** at 14. Specifically, Appellant wanted to serve his sentence in a county facility rather than a state correctional institution and asserts that the trial court abused its discretion by imposing a state prison sentence, and that due to "his age and his caretaking responsibilities for his aging mother" a county sentence would be more appropriate. ***Id.*** at 15-16.

"A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008) (citation omitted). It is well settled that a defendant "who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa. Super. 2008) (citation omitted). However, where the parties did not agree to certain aspects of the sentence in a negotiated guilty plea and left those matters to the trial court's discretion, the defendant may challenge those non-negotiated discretionary aspects of his sentence on appeal. ***See Commonwealth v. Brown***, 982 A.2d 1017, 1018-20 (Pa.

Super. 2009) (concluding that where the negotiated guilty plea called for a minimum sentence at the bottom end of the standard range of his sentencing guidelines without an agreement concerning the maximum term, the defendant did not waive his right to seek an appeal challenging the discretionary aspects of his sentence regarding the maximum term and the location of his incarceration).

Instantly, Appellant entered a negotiated guilty plea in exchange for a sentencing recommendation that the trial court impose a sentence with a minimum term at the bottom end of the standard range of the Sentencing Guidelines. *See* Guilty Plea Colloquy, 4/11/22, at 1; Order, 4/14/22. Further, the trial court sentenced Appellant to a sentence at "the bottom end of the standard range." *See* N.T. Sentencing Hr'g, 6/23/22, at 8. However, Appellant's plea agreement did not specify whether Appellant would serve his sentence in either county or state prison. *See* Guilty Plea Colloquy at 1. Therefore, we conclude that Appellant did not waive his right to challenge discretionary aspects of his sentence related to his incarceration in a state prison when he pleaded guilty. ***See Brown***, 982 A.2d at 1018-20.

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see*

Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Proctor***, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation omitted).

Here, Appellant preserved his sentencing claims in a post-sentence motion, filed a timely appeal, and Counsel has included a Pa.R.A.P. 2119(f) statement in the ***Anders***/***Santiago*** brief. ***See Anders***/***Santiago*** Brief at 10. Further, we conclude that Appellant has presented a substantial question for review. ***See, e.g.***, ***Commonwealth v. Fullin***, 892 A.2d 843, 850 (Pa. Super. 2006) (concluding that the defendant's claim that "the trial court abused its discretion by ordering [the defendant] to serve his sentence in a state correctional institution rather than in a county facility[,]" raises a substantial question for our review). Accordingly, we will address the merits of Appellant's claim.

Our well-settled standard of review for a challenge to the discretionary aspects of sentencing is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather,

the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §[] 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered). "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b),

[including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." *Fullin*, 892 A.2d at 847 (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." *Id.* at 848 (citation omitted). Further, "[w]here the sentencing judge had the benefit of a pre-sentence [investigation] report [(PSI report)], it will be presumed that he was aware of relevant information regarding [the defendant's] character and weighed those considerations along with the mitigating statutory factors." *Id.* at 849-50 (citation omitted).

Here, the trial court addressed Appellant's claim as follows:

As the court indicated on the record at the time of sentencing, the [PSI] report showed a lengthy criminal history consisting of similar offenses: burglaries, theft, and forgeries — all crimes of deception. Additionally, this court took into consideration the Appellant's need for services while incarcerated, and based its decision to impose a state sentence rather than a county sentence on the fact that the county prison has not yet restored services that were suspended due to the [COVID-19] pandemic. Thus, Appellant is far more likely to receive the treatment and services he needs in a state correctional facility than the county prison. Additionally, the court noted its belief that a state sentence is more appropriate given the Appellant's prior history and pattern of criminal behavior.

Trial Ct. Op. at 3 (unnumbered) (some formatting altered).

Following our review of the record, we discern no abuse of discretion in the trial court's conclusion. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court considered the PSI report. *See* N.T. Sentencing Hr'g at 2; Trial Ct. Op. at 3 (unnumbered). Therefore, we presume that the trial court

was aware of Appellant's rehabilitative needs, and that the trial court weighed those considerations along with other mitigating factors. *Fullin*, 892 A.2d at 849-50. Indeed, the trial court extensively discussed Appellant's rehabilitative needs. The record reveals that the trial court specifically noted that Appellant required rehabilitative services and concluded that Appellant would "get better services if he's in a state facility" in part because services that were suspended due to the COVID-19 pandemic at the county level have not been restored. *See* N.T. Sentencing Hr'g at 3-6. On this record, we discern no abuse of discretion in the trial court sentencing Appellant to incarceration in a state correctional institution as opposed to a county facility. *See Raven*, 97 A.3d at 1253.

After review, we agree with Counsel's assessment that the discretionary-aspects-of-sentencing claim presented in the *Anders*/*Santiago* brief is frivolous. Further, our independent review of the record does not reveal any additional, non-frivolous issues. *See Goodwin*, 928 A.2d at 291; *Flowers*, 113 A.3d at 1250. For these reasons, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Counsel's petition to withdraw granted.  Judgment of sentence affirmed.

Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2023